FILED
2000 Sep-13 AM 9:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
SEP 13 2000

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **DORIAN WESLEY and DIANA WESLEY,** | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )    CV-00-PT-1961-E<br>) |
| **GARY GAGNON, WALMART STORES, INC., ET AL.,** | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

This cause comes to be heard upon the former plaintiff, Frank Wesley's, Motion to Amend Complaint and Motion to Remand, filed on August 3, 2000.

### FACTS

The plaintiffs Dorian and Diana Wesley ("plaintiffs") claim that on July 29, 1998, as they were attempting to return items at the customer service desk in the defendant, Wal-Mart's ("Wal-Mart") store in Oxford, Alabama, defendant Gagnon ("defendant") falsely accused them of shoplifting and detained them against their will. As a result of the alleged accusations and detainment, which, according to the plaintiffs, occurred in a public area of the store, the plaintiffs claim damages for loss of freedom, deprivation of personal liberty, extreme embarrassment, mental anguish, and emotional distress.

The original complaint was filed on June 8, 2000 in the Circuit Court of Calhoun County, Alabama, with the then-minor plaintiffs' parent, Frank Wesley, as the party plaintiff. The plaintiff, suing for false imprisonment, negligence, and negligent failure to hire and supervise,

claimed "compensatory and punitive damages and cost of court in an amount to be ascertained by a trier of facts." The defendants filed a notice of removal to this court on July 14, 2000, claiming diversity of citizenship and an amount in controversy exceeding seventy-five thousand dollars. Although the complaint did not specify the amount in controversy, to establish the jurisdictional amount the defendants relied on the fact that the plaintiff had claimed punitive damages.

On August 3, 2000, the plaintiff filed his motions to amend the complaint and to remand the case to the Alabama circuit court. In his motion to amend, the plaintiff requests permission to amend the prayer for relief in all five counts to read: "Wherefore, the Plaintiff demands judgment against the Defendant for compensatory and punitive damages in an amount to be determined by the trier of fact in a combined amount which is less than $75,000." The accompanying motion to remand, based upon the motion to amend, requests this court to remand the case to the Alabama circuit court because the amount in controversy does not meet the jurisdictional requirement. Attached to the motion to remand is an affidavit from each plaintiff, limiting the amount sought to less than seventy-five thousand dollars.

The defendants filed a response in opposition of the motion to remand on August 22, 2000. On August 28, 2000, the plaintiff filed a second motion to amend his complaint, this time requesting the removal of himself as the party plaintiff and the substitution of Dorian and Diana Wesley, who were now no longer minors, in their own capacities. That motion was granted by this court on August 31, 2000.

## ARGUMENTS

The defendants oppose the plaintiff's motion to remand.[1] In their response to the motion, they argue that the affidavits of the minor plaintiffs are insufficient to support the motion to remand. They also argue that the proper plaintiff, Frank Wesley, has not submitted an affidavit limiting his requested relief to less than seventy-five thousand dollars. The defendants further maintain that even if the affidavit filed by the plaintiffs when they were minors is viable, "the appropriate inquiry is whether the court had jurisdiction at the time of the removal." According to the defendants, the requisite jurisdictional amount was met at the time of removal because at that time the plaintiff was asking for punitive damages in an unspecified amount. In support of their argument that the plaintiffs' claim for unspecified punitive damages meets the amount in controversy requirement, the defendants provide citations to three Alabama state cases in which juries have awarded punitive damages in excess of seventy-five thousand dollars for injuries resulting from, among other things, false imprisonment. The defendants presented the citations as "evidence that juries are returning verdicts against defendants in excess of the [jurisdictional requirements]."

The plaintiffs argue that the defendants bear the burden to establish federal jurisdiction. They assert that where the amount in controversy is unspecified, a defendant must prove by a preponderance of the evidence that it more likely than not meets the jurisdictional requirement. The plaintiffs claim that the defendants have not met their burden of showing that an award of seventy-five thousand dollars in this case is more likely than not. They argue that the defendants' showing is insufficient because the cases that the defendants cited occurred over a

---

[1] The defendants do not articulate opposition to the plaintiff's motion to amend the complaint.

space of several years[2] and because the tortious conduct for which the plaintiffs recovered in those cases was much more egregious than the conduct at issue in the case at hand. The plaintiffs urge this court to "strictly construe" the removal statute, 28 U.S.C. § 1447(c), and to resolve all doubts and uncertainties about the existence of federal jurisdiction in this case in favor of remanding the case to state court.

In addition, the plaintiffs have included as support for their arguments an order entered on August 24, 2000 by United States Magistrate Judge Armstrong in Truss v. Wal-Mart Stores, Inc., a case that the plaintiffs assert involves the "identical issue that is before this court." In the opinion accompanying the order, the court briefly explains the facts of the case, which are quite similar to the case at hand. The plaintiff brought an action in state court against the defendants for false imprisonment, but did not specify the amount of punitive damages that she sought. The defendants removed the case to federal court under diversity jurisdiction, relying on six state cases in which the plaintiffs were awarded punitive damages in excess of seventy-five thousand dollars to show that the unspecified amount in controversy met the jurisdictional requirement. The plaintiff moved for the case to be remanded to the state court, initially attempting to amend her complaint to limit the amount of damages requested to less than $75,000.

The court granted the motion, although it noted that jurisdiction must be determined based on the original complaint. The court distinguished each of the cited cases from the plaintiff's based on the overwhelming severity of the conduct in the cited cases in comparison to the conduct at issue in the plaintiff's case. The court also noted that the plaintiff had not alleged

---

[2] There appears to be a discrepancy in the number and the identity of cases that the plaintiffs claim that the defendants cited in support of their argument that the amount in controversy requirement is met in this case. The plaintiffs state that the defendants cited six cases that occurred over the course of six years; only three cases, decided over the course of four years, appear in this court's copy of the defendant's response.

direct liability against Wal-Mart and that an award of punitive damages in a case of *respondeat superior* is not "automatic." Additionally, the court considered the fact that the awards in a number of the cited cases had been overturned on appeal. The court found that the defendant had not shown that the jurisdictional requirement had been met by a preponderance of the evidence and remanded the case to state court.

## ANALYSIS

In a motion to remand to a state court for lack of removal jurisdiction, the pertinent inquiry is whether the court had jurisdiction at the time of removal. Poore v. American Amicable Life Ins. Co., 218 F.3d 1287, 1287 (11th Cir. 2000). Therefore, the plaintiff's motion to amend the complaint, should it be granted, is irrelevant to this particular jurisdictional evaluation, which must be based upon the original complaint. The issue to be determined is whether the defendant has shown by a preponderance of the evidence that the plaintiffs would not recover less than seventy-five thousand dollars if they prevailed. Sierminski v. Transouth Financial Corp., 216 F.3d 945, 947 (11th Cir. 2000); Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-1357 (11th Cir. 1996), reversed on other grounds by Office Depot v. Cohen, 204 F.3d 1069 (11th Cir. 2000).

The court concludes, with reasonable certainty, based upon experience and prior cases, reported and unreported, that the verdicts for each plaintiff would likely be more than seventy-five thousand dollars. If the plaintiffs each wish to estop themselves from ever claiming or receiving more than seventy-five thousand dollars, the court will reconsider.

**DONE** and **ORDERED** this ___ day of September, 2000

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE